ACCEPTED
03-15-00025-CV
8055222
THIRD COURT OF APPEALS
AUSTIN, TEXAS
12/2/2015 2:30:42 PM
JEFFREY D. KYLE
CLERK

No. 03-15-00025-CV

In The Court of Appeals

For The Third Court of Appeals District

Austin, Texas

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
12/2/2015 2:30:42 PM
JEFFREY D. KYLE
Clerk

**APPELLANTS, LAKEWAY REGIONAL MEDICAL CENTER, LLC AND SURGICAL DEVELOPMENT PARTNERS, LLC// CROSS-APPELLANT, LAKE TRAVIS TRANSITIONAL LTCH, LLC N/K/A LAKE TRAVIS SPECIALTY HOSPITAL, LLC**

**v.**

**APPELLEES, LAKE TRAVIS TRANSITIONAL LTCH, LLC N/K/A LAKE TRAVIS SPECIALTY HOSPITAL, LLC// CROSS-APPELLEES, LAKEWAY REGIONAL MEDICAL CENTER, LLC, SURGICAL DEVELOPMENT PARTNERS, LLC, BRENNAN, MANNA, & DIAMOND, LLC AND FRANK T. SOSSI**

ON APPEAL FROM THE 345TH JUDICIAL DISTRICT COURT, TRAVIS COUNTY, TEXAS
CAUSE NO. D-1-GN-12-000983

**APPELLANTS LAKEWAY REGIONAL MEDICAL CENTER, LLC'S AND SURGICAL DEVELOPMENT PARTNERS, LLC'S OPPOSED (IN PART) MOTION TO FILE REPLY BRIEF CONTAINING 7,500 WORDS**

TO THE HONORABLE COURT OF APPEALS:

Pursuant to Texas Rules of Appellate Procedure 9.4(i)(4) and 10.1, Appellants and Cross-Appellees Lakeway Regional Medical Center, LLC ("LRMC") and Surgical Development Partners, LLC ("SDP") file this Motion to File a Reply Brief containing 7,500 words ("Motion"), and would show the following:

54277353

1

## RELIEF REQUESTED

LRMC's and SDP's Reply Brief is currently due on Monday, January 11, 2016. LRMC and SDP seek to file a Reply Brief containing 7,500 words, which is the amount of words generally allowed for a reply brief. Tex. R. App. P. 9.4(i)(2)(C). A reply brief containing 7,500 words will put LRMC and SDP in excess of the 27,000-word limitation contained in Texas Rule of Appellate Procedure 9.4(i)(2)(B). **Thus, pursuant to Texas Rule of Appellate Procedure 9.4(i)(4), LRMC and SDP request a word extension allowing them to file a joint Reply Brief containing 7,500 words.** This Motion is opposed in part.

## REASONS FOR REQUEST

In support of this request, LRMC and SDP show the following:

1.      The judgment in favor of Lake Travis Transitional LTCH, LLC n/k/a Lake Travis Specialty Hospital, LLC ("LTT") exceeds $11 million. LRMC, SDP and LTT each appealed the trial court's judgment.

2.      On September 21, 2015, LRMC and SDP filed a *joint* Opening Appellants' Brief, which raised the following errors, among others:  (A) neither legally nor factually sufficient evidence supported the jury's findings that (i) the actions of either LRMC or SDP caused the damages awarded by the jury, (ii) $7.9 million was the loss in LTT's value as a consequence of LRMC's and/or SDP's failure to comply with the letter of intent, (iii) $790,000 was the loss in fair market

value of LTT's confidential information as a consequence of LRMC's and/or SDP's failure to comply with the letter of intent; and (iv) SDP breached the letter of intent; and (B) *Casteel* and other charge errors.  *See* Opening Appellants' Brief at xv-xvii (Issues Presented by Appellants) (courtesy copy appended at Tab A). LRMC's and SDP's Opening Appellants' Brief contained 14,898 words.

3.     On September 21, 2015, LTT filed its Cross-Appellant's Brief and raised three issues.  LTT complained of the trial court's orders granting summary judgment to LRMC and SDP and sustaining objections to LTT's summary judgment evidence.  *See* Tab B.  LTT's Cross-Appellants' Brief contained 12,736 words.

4.     On November 20, 2015, LRMC and SDP filed a ***joint*** Cross-Appellees' Brief, responding to LTT's Cross-Appellant's brief.   LRMC's and SDP's Cross-Appellees' Brief contained 11,742 words.

5.     On November 20, 2015, LTT filed its Appellee's Brief.   LTT's Appellee's Brief contains 14,370 words.

6.     The total number of words used by LRMC and SDP in their two briefs is 26,640.  (LTT's two briefs total 27,106 words.)

7.     Texas Rule of Appellate Procedure 9.4(i)(2)(B) provides that the total briefing by a party not exceed 27,000 words.  However, given the amount of the judgment and number of issues that have been raised, and to facilitate this Court's

review of the issues raised in their appeal, LRMC and SDP respectfully request that they be granted permission to file a joint Reply Brief containing 7,500 words.

8.      Because Lakeway and SDP each had the right, under the Texas Rules of Appellate Procedure, to file separate briefs, it would only be fair and just to grant them this relief.  Otherwise, they would be unfairly penalized for filing a joint brief, which is contrary to the rules.  *Id.* ("In a civil case in the court of appeals, the aggregate of all briefs filed by *a party* must not exceed 27,000 words if computer-generated  . . . .") (emphasis added).  Thus, the relief requested herein is consistent with the Rules.

## RESPONSE TO LTT'S PARTIAL OPPOSITION

This Motion is opposed in part.  By separate motion, LTT will be asking the Court for permission to file a reply brief containing 5,000 words and stating that it is agreeable to LRMC and SDP filing a joint reply brief that also contains 5,000 words.  However, limiting LRMC and SDP to 5,000 words for their joint Reply Brief would not be fair or just for the following two reasons.  *First*, LRMC's and SDP's Reply Brief will necessarily cover more ground than LTT's reply brief because LRMC's and SDP's Opening Appellants' Brief raised many more issues than did LTT's Cross-Appellants' brief.  (*Compare* Tab A *with* Tab B.)  *Second*, LRMC and SDP each had the right to file briefs containing 27,000 words, or collectively 54,000 words.  By this Motion, they are asking for the right to file

briefs totaling less than 34,500 words. They should not be penalized for filing joint briefs. If this Motion were denied, the Court would in effect be penalizing them for filing joint briefs, which is contrary to the rules.

All facts recited in this Motion are within the personal knowledge of the counsel signing this Motion, so that no verification is necessary under Texas Rule of Appellate Procedure 10.2.

## CONCLUSION

Pursuant to Rule 9.4(i)(2)(B) of the Texas Rules of Appellate Procedure, Appellants/Cross-Appellees Lakeway Regional Medical Center, LLC and Surgical Development Partners, LLC ask that this Court grant this Motion and grant them permission to file a joint Reply Brief containing 7,500 words.

Respectfully submitted,

NORTON ROSE FULBRIGHT US LLP

By: _____ */s/ Joy M. Soloway* _____
  Jeff Cody
  State Bar No. 04468960
  jeff.cody@nortonrosefulbright.com
  Barton W. Cox
  State Bar No. 2406508
  beau.cox@nortonrosefulbright.com
  James V. Leito IV
  State Bar No. 24054950
  james.leito@nortonrosefulbright.com
2200 Ross Avenue, Suite 3600
Dallas, TX 75201-7932
Telephone: (214) 855-8000
Telecopier: (214) 855-8200

and

NORTON ROSE FULBRIGHT US LLP
  Joy M. Soloway
  State Bar No. 18838700
  joy.soloway@nortonrosefulbright.com
1301 McKinney, Suite 5100
Houston, TX 77010
Telephone: (713) 651-5151
Telecopier: (713) 651-5246

*Counsel for Appellant/Cross-Appellee*
*Lakeway Regional Medical Center, LLC*

and

WRIGHT & CLOSE, LLP
Jessica Z. Barger
barger@wrightclose.com
State Bar No. 24032706
Raffi O. Melkonian
melkonian@wrightclose.com
State Bar No. 24090587
One Riverway, Suite 2200
Houston, TX 77056
Telephone: (713) 572-4321
Telecopier: (713) 572-4320
*Counsel for Appellant/Cross-Appellee*
*Surgical Development Partners, LLC*

**CERTIFICATE OF CONFERENCE**

I hereby certify that I have conferred with counsel for Appellee/Cross-Appellant Lake Travis Transitional LTCH, LLC, who indicates that Appellee/Cross-Appellant is opposed in part to this Motion. I have also conferred with counsel for Attorney Appellees Brennan, Manna & Diamond LLC and Frank T. Sossi, who indicates that Attorney Appellees are unopposed to this Motion.

/s/ Joy M. Soloway
JOY M. SOLOWAY

**CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of December 2015, Appellants served a copy of this motion by electronic service (via FileTime) upon the following counsel of record:

Ms. Jane M.N. Webre (jwebre@scottdoug.com)
Mr. S. Abraham Kuczaj III (akuczaj@scottdoug.com)
Ms. Paige A. Amstutz (pamstutz@scottdoug.com)
Mr. Steven J. Wingard (swingard@scottdoug.com )
SCOTT, DOUGLASS &MCCONNICO, LLP
303 Colorado, Suite 2400
Austin, TX 78701
*Counsel for Appellee/Cross-Appellant Lake Travis Transitional LTCH, LLC*

Mr. Robert Bragalone (bbragalone@gordonrees.com)
Mr. B. Ryan Fellman (rfellman@gordonrees.com**)**
Mr. Steven Lawson (slawson@gordonrees.com)
GORDON & REES LLP
2100 Ross Avenue, Suite 2800
Dallas, TX 75201
*Counsel for Appellees Brennan, Manna &*
*Diamond, LLC and Frank T. Sossi*

                                        */s/ Joy M. Soloway*
                                        JOY M. SOLOWAY



**TAB A**

ACCEPTED
03-15-00025-CV
7017794
THIRD COURT OF APPEALS
AUSTIN, TEXAS
9/21/2015 2:41:41 PM
JEFFREY D. KYLE
CLERK

**No. 03-15-00025-CV**

# Texas Court of Appeals
# Third District
# Austin, Texas

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS

9/21/2015 2:41:41 PM

JEFFREY D. KYLE
Clerk

APPELLANTS, LAKEWAY REGIONAL MEDICAL CENTER, LLC AND SURGICAL DEVELOPMENT PARTNERS, LLC// CROSS-APPELLANT, LAKE TRAVIS TRANSITIONAL LTCH, LLC N/K/A LAKE TRAVIS SPECIALTY HOSPITAL, LLC

v.

APPELLEES, LAKE TRAVIS TRANSITIONAL LTCH, LLC N/K/A LAKE TRAVIS SPECIALTY HOSPITAL, LLC// CROSS-APPELLEES, LAKEWAY REGIONAL MEDICAL CENTER, LLC, SURGICAL DEVELOPMENT PARTNERS, LLC, BRENNAN, MANNA, & DIAMOND, LLC AND FRANK T. SOSSI

FROM THE 345TH JUDICIAL DISTRICT COURT, TRAVIS COUNTY, TEXAS
CAUSE NO. D-1-GN-12-000983

## LAKEWAY REGIONAL MEDICAL CENTER, LLC'S AND SURGICAL DEVELOPMENT PARTNERS, LLC'S OPENING APPELLANTS' BRIEF

NORTON ROSE FULBRIGHT US LLP
Jeff Cody
State Bar No. 04468960
jeff.cody@nortonrosefulbright.com
Barton W. Cox
State Bar No. 2406508
beau.cox@nortonrosefulbright.com
James V. Leito IV
State Bar No. 24054950
james.leito@nortonrosefulbright.com
2200 Ross Avenue, Suite 3600
Dallas, TX 75201-7932
Telephone:     (214) 855-8000
Telecopier:    (214) 855-8200

NORTON ROSE FULBRIGHT US LLP
Joy M. Soloway
State Bar No. 18838700
joy.soloway@nortonrosefulbright.com
1301 McKinney, Suite 5100
Houston, TX 77010-3095
Telephone:     (713) 651-5151
Telecopier:    (713) 651-5246

WRIGHT & CLOSE, LLP
Jessica Z. Barger
State Bar No. 24032706
barger@wrightclose.com
Raffi O. Melkonian
State Bar No. 24090587
melkonian@wrightclose.com
One Riverway, Suite 2200
Houston, TX 77056
Telephone:     (713) 572-4321
Telecopier:    (713) 572-4320

*Counsel for Appellants/Cross Appellees*
***ORAL ARGUMENT REQUESTED***

## ISSUES PRESENTED BY APPELLANTS

1.  ***Legal and factual sufficiency challenges.*** Should the trial court's judgment against Lakeway Regional and SDP be reversed because there is not legally or factually sufficient evidence to support this judgment on at least one of the following grounds?

    (a)  LTT argued that Appellants' communications to HUD about LTT caused HUD's decision to insure Lakeway Regional's loan and later defend that decision, thus permitting Lakeway Regional to beat LTT to market. When a causation theory hinges on a third party's decision, the Texas Supreme Court requires evidence of why the decision was made. No witness testified and no exhibits support ***why*** HUD decided to insure the loan or defend that decision or ***what*** information HUD considered when making those decisions. Was there legally or factually insufficient evidence that Appellants caused, under that or any other theory or basis, the damages claimed by LTT or awarded by the jury in answers to Questions 6(1) and 6(3)?

    (b)  Was the evidence legally or factually insufficient to support the jury's damages awards of $790,000 and $7.9 million in answer to Questions 6(1) and (3), and are the awards excessive?

        (i)  LTT is an assignee of rights under the Letter of Intent. An assignee can only recover damages sustained by the assignor. LTT only put on evidence of its own damages, however. No witness testified about and no exhibit addresses the damages sustained by the assignors. Was the evidence legally or factually insufficient to support the damages awards to LTT, the assignee?

        (ii)  LTT was awarded $7.9 million for its loss in fair market value. The law requires that the damages award be linked to evidence, that loss in value be proven with reasonable certainty, and that the evidence of the amount of the loss not be conclusory or speculative. LTT's damages evidence failed on all counts. For example, no witness testified and no exhibit supports that LTT sustained a loss in value of $7.9 million, however, and the only evidence of its lost value was a $13.8 million loss, which was not fully explained to the jury. Was the evidence legally or factually insufficient to support the $7.9 million award?

(iii) To recover the loss in fair market value of LTT, that loss had to be a foreseeable consequence of breaching the Letter of Intent. The Letter of Intent does not describe what consequential damages were foreseeable, and no witness testified that anyone contemplated that the value of LTT (a non-party to the Letter of Intent) would be diminished or rendered worthless by a breach. Was the evidence legally or factually insufficient to establish that the loss in the fair market value of LTT was foreseeable?

(iv) The jury awarded LTT $790,000 in loss in fair market value of its confidential information. Again, a damage award must be linked to the evidence. No witness testified that the fair market value of LTT's confidential information was diminished by $790,000, and no exhibit supports this figure. The only evidence of this loss was $7.9 million. Was the evidence legally or factually insufficient to support the jury's $790,000 award?

2. ***Charge error.*** Should this judgment be reversed and remanded for a new trial because of one of the following errors in the charge?

(a) Under *Casteel*, a liability question cannot commingle valid with invalid liability theories. Appellants obtained summary judgment on LTT's claim for breach of Section 2 of the Letter of Intent. The trial court, over Appellants' objection, submitted LTT's breach of contract claim to the jury using broad-form submission, which encompassed a breach of Section 2. Did the trial court err by submitting a broad-form liability question in Question 1?

(b) Under *Casteel*, a damages question cannot be predicated on a finding of an invalid liability theory. The trial court, over Appellants' objection, submitted the damages question without asking the jury to award damages connected to breaches of specific provisions of the Letter of Intent. Did the trial court err in how it submitted the damages question in Question 6?

(c) Similarly, the trial court refused to instruct the jury that in deciding liability, the jury had to find (among other things) a valid, enforceable agreement between the parties. This instruction would have limited the jury to the enforceable sections of Letter of Intent and not

encompassed Section 2, which was unenforceable. Did the trial court err in refusing this instruction?

3. ***Matter of law, legal sufficiency, and factual sufficiency challenges by SDP only.***

    (a)    As a matter of law, an agent is not contractually liable for the acts of its disclosed principal. SDP owed no duty under the Letter of Intent. The Letter of Intent expressly identified SDP as the agent of Lakeway Regional, but the judgment imposes liability on SDP. Should the judgment against SDP be reversed because LTT's breach of contract claim against SDP fails as a matter of law, rendering the jury's answer to Question 1(b) immaterial?

    (b)    LTT argued that Appellants' communications about LTT to HUD caused LTT's injuries. The only HUD witness testified that he understood that the communications about LTT were sent on behalf of Lakeway Regional. No witness testified that SDP sent any communication to HUD about LTT that caused HUD to insure Lakeway Regional's loan or later defend that decision. Was there legally or factually insufficient evidence that SDP breached any alleged duty that caused injury to LTT?

4. ***Charge error challenges by SDP only***. The parties offered conflicting testimony about whether SDP was a party to the Letter of Intent. The trial court refused to submit a question asking whether SDP was a party or to instruct the jury that it had to find that SDP was a party to the Letter of Intent before it could find that SDP breached the Letter of Intent. Did the trial court err in refusing this question and instruction?

5. ***Attorneys' fees***. The parties stipulated, subject to their right to appeal, to the amount of reasonable attorneys' fees to award against Appellants, which the trial court awarded. Because the jury's liability and damages findings are not supported by legally or factually sufficient evidence, should the award of attorneys' fees be vacated?

**TAB B**

ACCEPTED
03-15-00025-CV
7016623
THIRD COURT OF APPEALS
AUSTIN, TEXAS
9/21/2015 2:13:08 PM
JEFFREY D. KYLE
CLERK

No. 03-15-00025-CV

_____

IN THE COURT OF APPEALS
FOR THE THIRD DISTRICT OF TEXAS
AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
9/21/2015 2:13:08 PM
JEFFREY D. KYLE
Clerk

_____

APPELLANTS, LAKEWAY REGIONAL MEDICAL CENTER, LLC AND
SURGICAL DEVELOPMENT PARTNERS, LLC// CROSS-APPELLANT,
LAKE TRAVIS TRANSITIONAL LTCH, LLC N/K/A LAKE TRAVIS
SPECIALTY HOSPITAL, LLC

v.

APPELLEES, LAKE TRAVIS TRANSITIONAL LTCH, LLC N/K/A LAKE
TRAVIS SPECIALTY HOSPITAL, LLC// CROSS-APPELLEES, LAKEWAY
REGIONAL MEDICAL CENTER, LLC, SURGICAL DEVELOPMENT
PARTNERS, LLC, BRENNAN, MANNA, & DIAMOND, LLC
AND FRANK T. SOSSI

_____

BRIEF OF CROSS-APPELLANT
LAKE TRAVIS TRANSITIONAL LTCH, LLC N/K/A
LAKE TRAVIS SPECIALTY HOSPITAL, LLC ("LTT")

_____

Jane M.N. Webre
S. Abraham Kuczaj, III
Robyn B. Hargrove
**SCOTT DOUGLASS
    & MCCONNICO LLP**
303 Colorado Street, 24th Floor
Austin, TX 78701
(512) 495-6300
(512) 495-6399 Fax

COUNSEL FOR LTT

**ORAL ARGUMENT REQUESTED**

1226029

## ISSUES ON CROSS-APPEAL

1.      Did the trial court err in granting summary judgment as to LTT's claims for misappropriation of trade secrets?

2.      Did the trial court err in granting summary judgment as to LTT's claim against the Hospital Defendants for breach of section 2 of the Letter of Intent?

3.      Did the trial court abuse its discretion in excluding some of LTT's summary judgment evidence?

1245899